JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:**    **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

Petitioner Yu-Ling Teng seeks an order requiring the United States Citizenship and Immigration Services ("USCIS") and other Respondents to amend her certificate of naturalization. Respondents have filed a Motion to Dismiss Action. (Motion, Dkt. No. 25.)

As the Court has often stated in this matter, it might make sense for the Petitioner to be granted the relief she seeks. But because the Court concludes it does not have the authority to give Petitioner that relief, Respondents's Motion is GRANTED.

**BACKGROUND**

Petitioner Yu-Ling Teng was born in China and became a United States citizen in 2001. (First Amended Petition to Amend Certificate of Naturalization ("Petition"), Dkt. No. 26, ¶¶ 10–11.) The date of birth listed on her certificate of naturalization is August 9, 1944.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |

(*Id.* ¶ 9.) According to the Petition, she did not have a birth certificate when applying for naturalization, and the only evidence she had of her birth date was a declaration from her aunt. (*Id.* ¶ 11.) But she later discovered records listing her correct date of birth, August 9, 1939. (*Id.* ¶ 10.)

Petitioner applied to USCIS to amend her certificate of naturalization, which USCIS denied. (*Id.* ¶ 15.) Petitioner requests that the Court, using its authority under 8 C.F.R. § 334.16(b), to order Respondent to issue an amended certificate of naturalization with her correct date of birth. (*Id.* at 4.)

Respondents filed a Motion to Dismiss Action with Prejudice, seeking dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6). Respondents argue that the Court cannot grant Petitioner any relief under 8 C.F.R. § 334.16(b). (Motion at 1, 6–10.)

**LEGAL STANDARDS**

**1.     LACK OF SUBJECT MATTER JURISDICTION**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

**2.     FAILURE TO STATE A CLAIM**

A court should grant a motion to dismiss under Rule 12(b)(6) when, "accepting all factual

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |

allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). "[D]etailed factual allegations" aren't required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a court dismisses a claim, it must also decide whether to allow the plaintiff to amend the complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the "court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citation omitted).

## ANALYSIS

Until 1990, federal courts had exclusive jurisdiction to naturalize non-citizens. *Ampadu v. U.S. Citizenship and Immigration Serv.*, 944 F. Supp.2d 648, 651 (C.D. Ill. 2013). But the Immigration Act of 1990 transferred authority to naturalize from the Judicial Branch to the Executive Branch. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (Nov. 29, 1990). Petitioner received her certificate of naturalization in 2001 from an executive agency. The parties dispute whether the Court has authority to amend only certificates of naturalization issued by courts or also those issued by agencies.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |

Petitioner seeks this relief under 8 C.F.R. § 334.16(b), a regulation that, after Petitioner filed her first petition in this Court, was repealed as obsolete. *See* 76 Fed. Reg. 53764, 53769 (Aug. 29, 2011). The parties don't dispute that section 334.16(b) gave courts the authority to consider a petition to amend a certificate of naturalization when the certificate was issued by a court. *See Ampadu*, 944 F. Supp.2d at 652. But Respondents argue that the plain language of the regulation limits the court's authority to amending *only* those certificates issued by a court. The former regulation provided:

> Whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

The Court agrees that the plain language of the regulation, which refers to applications "to amend a petition for naturalization after final action thereon has been taken *by the court*" (emphasis added), does not read to permit courts to amend naturalization documents issued by an agency. Petitioner does not explain how the language of the regulation supports her position. Nor does Petitioner explain how her interpretation of the regulation squares with the statutory structure created by the Immigration Act of 1990, which transferred authority from the courts the executive agencies.

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |

Petitioner points to cases that have invoked section 334.16(b) as a basis of authority to amend naturalization certificates issued after 1990. *See, e.g.*, *Hussain v. U.S. Citizenship and Immigration Servs.*, 541 F. Supp.2d 1082, 1085 (D. Minn. 2008). But in these cases, the court either assumed without explanation that section 334.16(b) gave the court authority or otherwise gave little to no reasoned analysis. *See Constant v. U.S. Citizenship and Immigration Serv.*, 2013 WL 3328299, at *2 (E.D. Mich. 2013) (reviewing cases exercising jurisdiction to review petitions to amend post-1990 naturalization certificates issued by executive agencies and concluding that "these cases contain no reasoned analysis of the plain language" of the regulation).

The cases cited by Respondent, holding that section 334.16(b) does not give courts authority to amend agency-issued certificates, are more persuasive. Several of these cases analyze the issue in detail. *See, e.g.*, *Tesfay v. Holder*, 942 F. Supp. 2d 1063, 1067 (noting that "Congress shifted the statutory authority to naturalize persons as citizens from the courts to the executive"); *Constant*, 2013 WL 3328299 at *2 (E.D. Mich. 2013) (reasoning that the "plain language of this regulation limits the federal judiciary's jurisdiction").

The Court concludes that it cannot grant Petitioner any relief under section 334.16(b).

### DISPOSITION

Respondents' Motion to Dismiss Action is GRANTED.

: 0

Initials of Preparer     lmb

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-8537 AG (RNBx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | YU-LING TENG v. PHYLLIS A. COVEN, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al. | | |